IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH APPLE ID(s):<br><br>RONA29301@GMAIL.COM<br>CHARBIT3@HOTMAIL.COM<br><br>WHICH ARE STORED AT PREMISES CONTROLLED BY APPLE, INC. | Case No. 18-2832-SAG |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, James J. Jenkins, being first duly sworn, hereby depose and state as follows:

**BACKGROUND**

1.  I am submitting this Affidavit in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Apple Inc. (hereafter "Apple") to disclose to the government records and other information, including the contents of communications, associated with the above-listed Apple IDs, which are stored at premises owned, maintained, controlled, or operated by Apple, a company headquartered at 1 Infinite Loop, Cuptertino, CA.[1] The information to be disclosed by Apple and searched by the government is described below and in Attachments A and B.

---

[1] This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i). Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.



2. Your affiant is a Special Agent with the U.S. Department of State, Diplomatic Security Service (DSS), and has been employed by the Department of State since September 2011. Your affiant is currently assigned to Homeland Security Investigations' (HSI) Document and Benefit Fraud Task Force in Baltimore, MD. Your affiant is empowered under 22 U.S.C. § 2709 to apply for and serve federal arrest and search warrants.

3. The facts set forth in this affidavit are known to me as a result of my participation in this investigation, from information provided to me by other law enforcement officers and government officials, and from documents, records, and other evidence obtained during this investigation.[2]

## PRIOR SEARCH WARRANT FOR ICLOUD INFORMATION

4. On or about October 2, 2018, U.S. Magistrate Judge A. David Copperthite issued a search warrant (18-2691-ADC) for information held by Apple, including the iCloud accounts of Asher Sharvit and Rona Zhfani, who are currently charged in United States v. Sharvit, et al, DKC-18-283. A copy of that warrant is attached hereto as Exhibit 1. Asher Sharvit's trial is set for November 27, 2018.

5. When your affiant obtained the warrant on October 2, 2018, your affiant could only identify the iCloud accounts based on the phone numbers of the defendants and their devices' International Mobile Equipment Identities ("IMEI"). And the search warrant itself only

---

[2] Since this affidavit is intended to show merely that there is sufficient probable cause for the requested warrant, it does not set forth all of my knowledge about this matter. References to dates, times, and amounts are intended to be approximate. All translation from Hebrew or French to English was done using Google Translate unless otherwise noted. Everything set forth in this affidavit is true to the best of my knowledge and belief.



identified the accounts by the IMEI numbers. See Ex. 1. When law enforcement downloaded and reviewed the search warrant response from Apple, we learned that Apple will only provide iCloud records based on the account information of the subscriber (Apple ID) and will not provide iCloud records pursuant to search warrants based on a device's serial number.

6.      On or about October 15, 2018, your affiant reviewed the records provided by Apple in response to the search warrant and found that Apple provided registration information for devices corresponding to both IMEI listed in 18-2691-ADC. The registration source of both is listed as "iCloud." The registration information corresponding to the device with IMEI 356572082018670 contains the email addresses Rona29301@gmail.com and the information corresponding to the device with IMEI 353841087910253 contains the email address Charbit3@hotmail.com.

7.      Based on your affiant's experience and review of Apple's website,[3] your affiant knows that a user's Apple ID corresponds to the email address the user submitted to create the account. The Apple ID can later be changed by the user. Based on this, your affiant believes that the email addresses in the records provided by Apple correspond to the Apple IDs used on the devices described by their IMEI in 18-2691-ADC.

**INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED**

8.      I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Apple to disclose to the government copies of the records and other information

---

[3] https://support.apple.com/en-us/HT201356 and https://support.apple.com/en-us/HT202667



(including the content of communications and stored data) particularly described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

## CONCLUSION

9. Your affiant submits that based on the facts set forth in Exhibit 1, as well as the additional information set forth herein, there is probable cause to believe that the iCloud accounts associated with the Apple accounts Rona29301@Gmail.com and Charbit3@Hotmail.com, further identified in Attachment A (hereinafter "Target Accounts"), will contain the evidence, fruits, and instrumentalities of 18 U.SC. §§ 371, 1512, 1519, 1546; and 8 U.S.C. § 1324, 1324a (collectively referred to as the "Target Offenses"), as further described in Attachment B. Your affiant knows that the data associated with the Target Accounts is stored at premises owned, maintained, controlled, or operated by Apple Inc., a company headquartered at Apple Inc., 1 Infinite Loop, Cuptertino, CA 95014.

Respectfully submitted,

_____
James J. Jenkins
Special Agent
U.S. Department of State
Diplomatic Security Service

Subscribed and sworn to before me on Oct. 17. _____, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

4

## ATTACHMENT A

## Property to Be Searched

This warrant applies to information associated with **Rona29301@gmail.com** and **Charbit3@hotmail.com** (the "Target Accounts"), which is stored at premises owned, maintained, controlled, or operated by Apple Inc., a company headquartered at Apple Inc., 1 Infinite Loop, Cuptertino, CA 95014.



## ATTACHMENT B

### Particular Things to be Seized

I. **Information to be disclosed by Apple**

To the extent that the information described in Attachment A is within the possession, custody, or control of Apple (the "Target ISP"), the Target ISP is required to disclose the following information to the government for the listed accounts or identifiers (the "Target Accounts"). Such information should include the below-described content of the subject account:

a. All device registration or customer information associated with the account and associated devices, including name, address, email address, telephone number, MAC address, and UDID;

b. All customer service records, including support interactions, warranty and repair information;

c. All iTunes data, including basic subscriber information, purchase information, and iTunes Match data;

d. All Apple retail store, online store, and gift card information associated with the account;

e. All iCloud data existing on Apple's servers, including subscriber information, mail logs, and all iCloud content, including, but not limited to, email, photo stream, photo library, iCloud Drive, contacts, calendars, bookmarks, and Safari browsing history;

f. All iOS device activation information and device backups, including photos and videos in the Camera Roll, device settings, app data, iMessage, SMS, and MMS messages and voicemail;

g. All FaceTime records, including call invitation logs;

h. All iMessage records, including capability query logs;

i. All Find My iPhone records and transactional activity, including records of all attempts to locate, lock, or wipe the device;

j. All My Apple ID, iForgot, and Game Center connection logs and transactional records;

k. Subscriber Information, including the name and location, supplied by the user at the time of registration, the date the account was created and all of the services of the Target ISP used by each Target Account.

l. Records of user activity for each connection made to or from the Target Accounts, including log files; messaging logs; the date, time, length, and method of connections; data transfer



volume; user names; and source and destination Internet Protocol addresses, and any telephone, instrument or other unique identifiers associated with the Target Accounts;

  m. All telephone or instrument numbers associated with the Target Account (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI")); and

  n. All records pertaining to communications between Apple and any person regarding the account, including contacts with support services and records of actions taken.



II. **Information to be seized by the government**

For the time period January 1, 2013 to the present, all information described above in Section I relating to violations of violations of 18 U.S.C. § 371 (conspiracy), 18 U.S.C. § 1546 (visa fraud), 18 U.S.C. §§ 1512(k), 1519 (obstruction of justice), 8 U.S.C. § 1324 (harboring aliens), and 8 U.S.C. § 1324a (unlawful employment of aliens):

1. All electronic data, documents, records, and information regarding (a) citizens of other countries entering, remaining in, or leaving the United States; (b) the hours, compensation, duties, location, supervision, job performance, logistics, immigration status, recruitment of, or contracting with foreign workers; (c) the travel, transportation, and housing of any foreign citizen; (d) the hiring, hours, payroll, payment of, period of employment, firing, qualifications or background of any employee of any business with locations in the United States; (e) the consideration of, the preparation for, the payment for, or an application to extend a U.S. visa including related documents and correspondence; (f) information provided to or submitted to the U.S. Citizen and Immigration Services, U.S. Customs and Border Protection, Immigration Customs Enforcement, the U.S. Department of Homeland Security, or the U.S. Department of State; and (g) all current, former, or future employees of businesses associated in any way with the following individuals or entities: Mordehay (aka Moti) FOOX, Asher SHARVIT (aka CHARBIT), Rona ZHFANI (aka SHARVIT), Oren SHARVIT (aka CHARBIT), Eyal CHERTOFF, Esti (aka Esty) MAZOR (collectively "Defendants"), Unlimited Treasures, Unlimited 13, Deja Vu, BioXage, BH Distribution Group LLC, 3505 Clarks Ln LLC, and/or Filicori Zecchini (collectively "Defendants' Companies").

2. All electronic data, documents, records, and information regarding communications and financial arrangements with aliens and foreign citizens, and the employment and use of aliens and foreign citizens.

3. All electronic data, documents, records, and information regarding the finances and business interests of the Defendants or the Defendants' Companies.

4. All electronic data, documents, records, and information relating to the U.S. immigration laws, and the submission of information to U.S. or state authorities.

5. All electronic data reflecting attempts to obstruct justice, including but not limited to the destruction of documents and electronic evidence, and attempts to corruptly persuade co-conspirators and witnesses with regard to any investigations into the Defendants' crimes.

6. All electronic data, documents, records, and information regarding financial transactions, assets, and the transfers of things of value, including bank statements, wire transfer records,

3



loan records, credit card records, ledgers, checks or other monetary instruments, check registers, lines of credit, and safe deposit box keys and records.

7. Any and all electronic data, documents, records, and information constituting or relating to any personal or corporate income tax return and the supporting schedules and attachments to include but not limited to Internal Revenue Service Forms 1120, 1120s, 941, 940, 1040, 1040ez, W-2, 1099, K-1 and schedules such as Schedule C, E and related tax information

8. All data, records, and information regarding the use of the device(s) backed up to the Target Accounts to communicate with other individuals, including but not limited to:

    a. All telephone numbers and direct connect numbers assigned to the device, including usernames and passwords and electronic mail addresses;
    b. All call and direct connect history information;
    c. All contacts and associated telephone numbers;
    d. All stored electronic mail, including attachments; and
    e. All voice recordings, videos, text messages, messages in applications, and other messages stored on the phone.

9. All electronic data, records, and information regarding the following:

    a. Contact information, phone numbers, mailing addresses, email addresses, calendars, datebooks, domains, or other contact information for any of the individuals, addresses, or entities listed herein;
    b. Calendar information;
    c. Stored photographs, videos, and text messages;
    d. Stored documents and other files;
    e. Stored geo-location information;
    f. Data stored in any application;
    g. The times the device or a device function was used;
    h. Evidence of the attachment to the device of other storage devices or similar
    i. containers for electronic evidence;

10. All electronic data, records, and information regarding the use of the device backed up to the Target Accounts to connect to the internet and/or connect with other cellular or computer devices, including but not limited to:

    a. All information about Internet Protocol addresses accessed by the device;
    b. All information about the Internet Protocol addresses of any entities/persons accessing the device; and
    c. All web-browsing history and any stored web pages.

11. All electronic data, showing who used or owned the devices backed up to the Target Accounts at the time the things described in this warrant were created, edited, or deleted, such as logs, phone books, saved usernames and passwords, documents, and browsing history.

4



12. Any and all electronic data and information that would tend to show the identity of the person using the device backed up to the Target Accounts.

13. Evidence of user attribution showing who used or owned the devices backed up to the Target Accounts at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, phone numbers, saved user names and passwords, documents, browsing history, email, email contacts, "chats," instant messaging logs, photographs, and correspondence;

14. The identity of the person(s) who created or used the Target Accounts, including records that help reveal the whereabouts of such person(s);

15. Evidence indicating how and when the Target Accounts were accessed or used, to determine the chronological and geographic context of account access, use and events relating to the crime under investigation and the account subscriber; and

16. Any records pertaining to the means and source of payment for services associated with the Target Accounts (including any credit card or bank account number or digital money transfer account information).

